UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

ADONICA GILL and ROSLYN HUNTER,

                    Plaintiffs,

             v.

ACACIA NETWORK *et al.*,

                    Defendants.

------------------------------------------------x

13 Civ. 9088 (TPG)

**OPINION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/15

In a March 18, 2015 opinion, the court granted motions to dismiss filed by individual defendants Martinez, Lopez, Langrod Alba, Berk, and Gatell. (Dkt. No. 70.) The court also granted the corporate defendant ACACIA's motion to dismiss with respect to plaintiffs' COBRA, ERISA, and FLSA claims, but denied ACACIA's motion to dismiss with respect to the federal and state WARN Act claims.[1]

---

[1] In the March 18, 2015 opinion, the court wrote:

> [T]he WARN Act claims survive against corporate defendants SBMHC and ACACIA. Admittedly, the WARN Act pleadings are bare-bones; for example, the complaint does not specify the number of employees at SBMHC during the relevant time period. However, a court in this district recently found SBMHC liable for WARN Act violations, as SBMHC employed more than 100 employees on a full-time basis before its dissolution. *See 1199 SEIU United Healthcare Workers E.*, 2013 WL 6003731, at *3-5. In that case—unlike here—the complaint did include sufficient facts to conclude that SBMHC was an "employer" under the WARN Act (as the complaint specified that SBMHC employed 109 employees). Reading the pleadings here liberally in light of plaintiffs' *pro se* status, however, the court finds that plaintiffs have stated a plausible claim for WARN Act violations against SBMHC and ACACIA . . . ACACIA's motion to dismiss is denied with respect to the federal and state WARN Act claims. (Dkt. No. 70 at 7, 13.)

1

In so ruling, the court stated:

> Given the *pro se* status of plaintiffs, certain claims are dismissed without prejudice. Because the federal and state WARN Act claims against the individual defendants and the NLRA claim against all defendants would fail as a matter of law even if additional facts were pled by plaintiffs, they are dismissed with prejudice. The remaining claims against all defendants are dismissed without prejudice. If plaintiffs seek to revive any claims that have now been dismissed without prejudice, they must file an amended complaint within 60 days of the date of this opinion.

More than sixty days have elapsed from the date of the March 18, 2015 opinion, and plaintiffs have not filed an amended complaint. As such, all claims that were previously dismissed without prejudice—the federal and state COBRA claims, the ERISA claims, the FLSA claims, and the New York State labor law claims—are now dismissed with prejudice.

Thus, the sole remaining claims in this action are the federal and state WARN act claims asserted against defendant ACACIA.

The court will schedule a conference with the parties in August 2015.

SO ORDERED.

Dated: New York, New York
May 27, 2015

Thomas P. Griesa
U.S. District Judge

---

Later in the opinion, the court wrote—with reference to dismissing certain claims with or without prejudice—that "the remaining claims against all defendants are dismissed without prejudice." (*Id.* at 13.) The court now clarifies that the court did not intend to dismiss the federal and state WARN Act claims against defendant ACACIA, which survived ACACIA's motion to dismiss and remain in effect.